UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ – Civ (Judge's Last Name/Magistrate's Last Name)

Estate of FEDERICO OSORIO
and MARTA GARCIA, as personal
representative of the estate, Plaintiff (s)

vs.

MIAMI DADE COUNTY Defendant(s).
_____/

## COMPLAINT

I, MARTA GARCIA, as personal representative of the estate plaintiff, in the above styled cause, sue defendant MIAMI DADE COUNTY. This action is filed under: 48 U.S.C. § 1983

Dated: January 8, 2016

Respectfully submitted

/s/ Michael P. Weisberg
Attorney Bar Number 106375
weisbergandweisberglaw@gmail.com
1300 Coral Way, Ste. 300
Miami, Florida 33145
Telephone: (305) 854-0996
Facsimile: (305) 403-0440
Attorneys for MARTA GARCIA,
personal representative of the estate

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by [specify method of service] on [date] on all counsel or parties of record on the Service List below.

/s/Michael P. Weisberg
Signature of Filer

## SERVICE LIST

Michael P. Weisberg
Weisbergandweisberglaw@gmail.com
1300 Coral Way, Ste. 300
Miami, Florida 33145
Telephone: (305)-954-0996
Facsimile: (305) 403-0440
Attorneys for Plaintiff
Marta Garcia, as personal
Representative of the estate.

Fernando Pomares
fpomares@pomareslaw.com
12002 SW 128th Court
Miami, Florida 33186
Telephone: (305) 256-2265
Facsimile: (305)256-2275
Co- Counsel for Plaintiff
Marta Garcia, as personal
Representative of the estate

UNITED STATES, DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

Estate of FEDERICO OSORIO
and MARTA GARCIA, as personal
representative of the estate

    Plaintiff          **COMPLAINT FOR WRONGFUL DEATH**
                                **AND FOR CIVIL RIGHTS VIOLATION**

**Vs.**

MIAMI DADE COUNTTY
Defendant
_____/

## COUNT I WRONGFUL DEATH

COMES NOW, the Plaintiff, by and through her undersigned attorney and sues the Defendant and alleges:

1. That this is action for damages within the jurisdiction of the above styled court and in excess of $15,000.00.

2. That on or about March 4, 2014, the Defendant Miami Dade County did operate its own police force at all times relevant and material herein.

3. That the Miami Dade County Police Force did include various police officers for the purposes of enforcing the laws of the State of Florida and those appropriate county ordinances.

4. That on or about the aforementioned date the Defendant's employees were supposed to be duly trained and experience in reference to performing their duties in a manner for their own protection and the protection of the

community for which they serve.

5. That on the aforementioned date two (2) Miami Dade County police officers did willfully shoot and kill the decedent Federico Osorio herein in his own home.

6. This occurred at 10511 SW 108th Avenue, in Miami Dade County, Florida.

7. That the Defendants employees after being duly called upon the scene arrived at the aforementioned location, and upon being informed by the Decedent mother, to-wit: MARTA GARCIA, that the Plaintiff in this cause, had previous history of mental illness they then knowing that decedent was the only person in the house had enter the house by breaking down the glass window and entered the house for the purposes of either taking into custody the decedent or doing physical harm to the decedent herein.

8. That the Plaintiff alleges that the death of her son was a result of the negligence of the Defendant's employees and therefore, the Defendant is voracious liable for the officer's action in the performance of their duties. That the police officer herein at no time requested backup for the purposes of obtaining appropriate personnel who were able to deal with emotional disturbed individuals, but rather took upon themselves to violently entered into residence and thereupon confronting the decedent and thereupon execute the decedent by shooting him

fourteen (14) times.

9. That the Plaintiff alleges that the death of her son was a result of the negligence of the Defendant's employees and therefore, the Defendant is responsible for actions as they acted in the course and scope of their employment.

10. That the Plaintiff alleges that the Defendant had a duty to use reasonable care under the circumstances for the protection of the decedent son and for the protection of the community for which this incident occurred.

11. That Plaintiff claims that the Defendant did breach its duty by failing to appropriately act in a manner justified and consistent with the rules and regulations of the county police department and consistent with proper police action.

12. As a result of the aforementioned incident and the actions of the Defendants in their negligence and carelessness MARTA GARCIA, herein as personnel representation is bring this action for wrongful death of her son, and for the cost of the funeral expenses, and medical expense.

13. The Plaintiff alleges herein that she is the natural mother, MARTA GARCIA, of the Decedent and JULIO CESAR OSORIO the natural father of the Decedent claim pain and suffering as a result of the wrongful death of their child.

## CIVIL RIGHTS VIOLATION

### COUNT II
### 48 U.S.C. § 1983

COMES NOW, the MARTA GARCIA, as Personal Representative by and through their undersigned attorney and sues the Defendant MIAMI DADE COUNTY FOR VIOLATION OF CIVIL RIGHTS UNDER **42 U.S.C. 1981** and **1903** and alleges re-alleges paragraph 1 through 13 of Count I herein as if set forth in full.

14. That Miami Dade County and his deputies and staff acted under color of law and in concert when they committed the acts described herein and their actions were in whole or in part motivated by mental disability resulting from mental illness.

15. That Federico Osorio, was shoot and killed in his own home on March 14, 2014 under color of law motivated by an unreasonable fear of harm by the decedent.

That the decedent was at the time the officers broke into the decedents home was alone and not a danger to the police or to anyone else. Defendants officers broke through the homes glass doors and confronted the decedent, as a person who had a long history of mental illness and had been arrested and Baker Acted on many occasions. That the responding officers knew or should had known of the decedents mental condition.

16. The Miami Dade County through its officer's department improperly trained and improperly retained the officers and

failed to discipline its officers with respect to prior allegations of civil rights violations to the citizens, residents and visitors/guests of Miami Dade County Florida. These defalcations/failures to adequately investigate such violations were deliberate and intentional or they were performed in such a caviler and ineffective manner that they amounted to no real policing of the deputies and staff conduct with the result that civil rights violations by the officers and staff were routinely overlooked or not acted upon which amounted to a defacto ratification by the county, in the police department's civil rights violations of the citizens residents and visitors/guest of Miami Dade County, Florida. The Miami Dade County failure to adequately investigate complaints about its officers and to discipline them which lead to a climate and policy within the ranks of the police department of a tolerance of civil rights abuses of individuals by the rank and file Deputies and staff.

17. That the Defendant had a policy of permitting its officers to use deadly force on the mentally ill even when not a direct danger to the officers or others.

18. As a direct and proximate result of actions of the police and staff described herein to Federally Protected Civil Rights as guaranteed under **U.S.C. § 1981** were violated and he suffered damages as a result thereof.

19. As a direct and proximate result of actions of Miami Dade County and its officers and staff described herein Federico Osorio, federally protected Civil Rights as guaranteed under **42 U.S.C. § 1983** were violated and he was shot and killed.

20. The Estate of **Federico Osorio**, retained the undersigned attorney to seek redress and has agreed to pay him a reasonable attorney fee for the work performed on his behalf and is entitled to an award of attorney fees pursuant to **42 U.S.C. § 1988,** plus the pain and suffering caused to the Decedent's mother and father, and cost of the funeral expenses and medical bills.

**WHEREFORE**, The Estate of Federico Osorio, demands judgment against the Miami Dade County for the Estates total measure of damages, together with attorney fees and costs and such other relief as this Honorable Court deems appropriate and they demands a trial by jury of all issues so triable as a matter of right by jury.

/s/Michael P. Weisberg
Michael P. Weisberg
1300 Coral Way, Ste. 300
Miami, Florida 33145
Tel: 305-854-0996
Fax: 305-403-0440
Weisbergandweisberglaw@gmail.com

Fernando Pomares, Esq.
Co-counsel for Plaintiff
12002 SW 128th Court
Suite 104
Miami, Fl. 33186
Tel: 305-256-2265
Fax: 305-256-2275
fpomares@pomareslaw.com
jpimentel@pomareslaw.com