United States District Court
for the
Southern District of Florida

| Estate of Federico Osorio and Marta Garcia, as personal representative of the estate, Plaintiffs | ) ) ) ) | |
|---|---|---|
| v. | ) ) ) ) ) | Civil Action No. 16-20200-Civ-Scola |
| Miami-Dade County, Defendant | ) | |

### **Order Denying Motion to Alter or Amend Judgment**

The Estate of Federico Osorio (the "Estate") asks the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 42). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Because the motion does not present any ground to support alteration of the Court's Order Granting Defendant's Motion to Dismiss the Fourth Amended Complaint (ECF No. 40), the motion is denied.

The Court's order noted that the Estate's Fourth Amended Complaint repeated the accusations of the Estate's previous complaints, which the Court had rejected in its prior orders dismissing the complaints. (Order at 3, ECF No. 40.) In addition, the Court noted that, although the Fourth Amended Complaint contained no new factual allegations, it cited for the first time three sections of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et

*seq.* (*Id.*) None of the cited sections, however, applied to the factual allegations in the Complaint. (*Id.*) In its response to the Defendant's motion to dismiss, the Estate argued that the Defendant had violated a different section of the ADA. (*Id.* at 4.) The Court held that the Estate could not amend its complaint through opposition briefing. (*Id.*) Nevertheless, the Court conducted an analysis and determined that the Fourth Amended Complaint failed to include sufficient factual material to state a claim under the ADA. (*Id.* at 4-6.)

In its motion to alter the judgment, the Estate claims that the Court's order "mistakenly points to the miscitation of the actionable statute. . .as grounds for dismissal" and cites case law holding that a plaintiff should be permitted to amend a complaint to cite to the appropriate statute. (Mot. at 1-2, ECF No. 42.) However, as noted above, the Court did conduct an analysis of the allegations set forth in the Fourth Amended Complaint and concluded that they were insufficient to state a claim under the ADA.

The remainder of the Estate's motion makes arguments in support of its ADA claim that it either already made or could have made in its Response to Motion to Dismiss (ECF No. 37). None of the Plaintiff's arguments demonstrate that the Court made a manifest error of law or fact, that the Court patently misunderstood the Estate, or that there has been a controlling or significant change in the law or facts since the Court's order.

Thus, having reviewed the Plaintiff's motion, the Defendant's response (ECF No. 43), the record, and the relevant legal authorities, the Court **denies** the Estate's motion to alter or amend judgment (**ECF No. 42**).

**Done and ordered** in chambers, at Miami, Florida, on April 14, 2017.

_____
Robert N. Scola, Jr.
United States District Judge